UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. |
| ) | 07-10264-DPW |
| v. ) | |
| ) | |
| JOSE PORTORREAL, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER
January 30, 2017

The petitioner brought this habeas corpus petition under 28 U.S.C. § 2255 after the one year period within which to do for such matters had run. He seeks to raise the rule in a Supreme Court case decided after his conviction became final; the holding of that case is not retroactive. The core of his substantive complaint is that his plea of guilty, in which he expressly left to the court — and not a jury — the determination of drug weight, was the result of ineffective assistance of his counsel. He further maintains that his counsel was ineffective in failing to pursue a collateral attack on a timely basis. None of the asserted grounds supports his effort to vacate, set aside, or correct his sentence under § 2255.

On November 11, 2008 the petitioner pled guilty to his part in a multidefendant drug conspiracy. While he announced his

contention that the drug weight for which he was responsible would be contested, in his sentencing colloquy with me Petitioner indicated unequivocally that he understood that by pleading guilty he was leaving to me the determination of the amount of drugs for which he would be held responsible. He was sentenced on September 14, 2009 after I made a determination of the drug amount that was reflected in his relevant conduct.[1] The First Circuit affirmed the judgment on February 15, 2011, *United States* v. *Portorreal*, 413 F.App'x 314 (1st Cir. 2011), and the Supreme Court denied *certiorari* on June 13, 2011, *Portorreal* v. *United States*, 564 U.S. 1012 (2011), at which point his conviction became final. Under 28 U.S.C. § 2255(f)(1), absent some other circumstances, he had one year from that date to seek habeas corpus relief. He did not file the instant habeas corpus petition until over two years later, on August 5, 2013.

On June 17, 2013, more than a year after Petitioner's conviction became final, the Supreme Court decided *Alleyne* v. *United States*, 133 S. Ct. 2151 (2013), overruling *Harris* v. *United States,* 536 U.S. 545 (2002) and in effect holding that any fact — such as the determination of drug weight here — that increases a mandatory minimum sentence must, if the defendant

---

[1] On April 3, 2015, I ordered a reduction in his sentence after the guideline range for his offense lowered and that change in the guidelines had been made retroactive by the United States Sentencing Commission.

relies upon his Sixth Amendment rights, be submitted to a jury for determination against a reasonable doubt standard. The short and sufficient answer to plaintiff's petition, however, is that *Alleyne* does not apply retroactively in habeas corpus proceedings as held by the First Circuit in *Butterworth* v. *United States*, 775 F.3d 459, 468 (1st Cir. 2015).

*Butterworth* examined *Alleyne* in reference to the Supreme Court's retroactivity analysis in *Teague* v. *Lane*, 489 U.S. 288 (1989). The First Circuit's *Butterworth* analysis appears to remain valid after the Supreme Court's decision last term in *Welch* v. *United States*, 136 S. Ct. 1257 (2016). As *Butterworth* explained, new rules are generally not applied retroactively on collateral review, but new rules are retroactive under two narrow conditions: (1) if the rule bars criminal punishment for certain kinds of primary, private individual conduct or if certain categories of punishment for a particular class of defendants is forbidden, and (2) if the rule is a "watershed" rule of criminal procedurel. *Butterworth*, 775 F.3d at 465; *see Teague*, 489 U.S. at 303, 307; *see generally Welch*, 136 S. Ct. at 1264-68.

The first condition does not apply to *Alleyne* because "requiring juries to find drug quantities leading to higher mandatory minimums beyond a reasonable doubt neither places any particular type of conduct beyond the reach of the criminal law

3

nor pretermits any particular type of punishment for a specific class of defendants." *Butterworth*, 775 F.3d at 465-66 (internal quotation marks omitted).

With respect to the second condition, *Butterworth* emphasized the high standard by which a new rule is judged a "watershed" rule of criminal procedure; since *Alleyne* only "clarified and extended the scope of two well-settled principals of criminal procedure: the defendant's right to a jury trial and the government's burden of proof beyond a reasonable doubt," *Alleyne* did not create a "watershed" rule of criminal procedure. Lastly, while the *Butterworth* court agreed that *Alleyne* qualifies as a "newly recognized" right, it is not one to which 28 U.S.C. § 2255(f) re-opens the statute of limitations period for one year, from "the date on which the right asserted was initially recognized by the Supreme Court," since it is not retroactive. *Butterworth*, 775 F.3d at 464-65.

Petitioner seeks to raise ineffective assistance of counsel based on the lack of timeliness in his petition. The short answer to this contention is that any such ineffectiveness was immaterial because *Butterworth* establishes that *Alleyne* is not retroactive in such circumstances. Consequently, even if timely filed, the petitioner's collateral attack initiative would fail. Putting to one side the similarly disabling proposition that a failure of counsel to advise regarding and take appropriate

4

steps to meet filing deadlines would not constitute the extraordinary circumstances necessary to support equitable tolling of the limitations period in the habeas corpus context, *Cordle* v. *Guarino*, 428 F.3d 46, 48-9 (1st Cir. 2005), the petitioner could not obtain the relief he seeks through collateral attack on a conviction which became final after direct appeal.

More fundamentally, although perhaps not material in light of *Alleyne's* lack of retroactivity, I find there is no basis here to conclude that Petitioner's choice to plead guilty can fairly be ascribed to ineffectiveness of assistance by counsel. The alleged actions of counsel implicate neither branch of the *Strickland* ineffectiveness construct*. See generally Strickland* v. *Washington*, 466 U.S. 668, 687 (1984) (requiring both (1) deficient performance and (2) prejudice).

*Harris* was recent precedent relied upon until its overruling by *Alleyne.* Any failure of counsel to challenge *Harris* can hardly be termed deficient performance; it was rather an implicit recognition of the state of the law.

Moreover, even if failure to press future but uncertain developments of the law can be said to be deficient, my colloquy with the petitioner in accepting his guilty plea makes plain that he was satisfied to have the court — rather than a jury — decide the question, as I phrased it to him, of "how much in the

5

way of drugs were involved in this case." November 25, 2008 Tr. at 8.  Moreover, the petitioner was advised during the plea hearing of both the maximum and minimum sentences that could be imposed depending upon the amount of drugs involved.  There was no prejudice to Petitioner from his counsel's alleged ineffectiveness.

There is *no* basis for habeas corpus relief under these circumstances.  The Clerk is directed to enter a judgment dismissing the instant petition.

Further, In accordance with First Circuit Local Rule 22.0(a), I hereby decline to issue a certificate of appealability concerning the denial of Petitioner's motion under 28 U.S.C. § 2255.  The petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to his claims.

> */s/ Douglas P. Woodlock*
> DOUGLAS P. WOODLOCK
> UNITED STATES DISTRICT JUDGE